21-3142-cv
Ford v. Pension Hospitalization and Benefit Plan of the Electrical Industry Pension Trust Fund Plan, Joint Industry Board of the Electrical Industry

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of February, two thousand twenty-three.

PRESENT:
        ROBERT D. SACK,
        ALISON J. NATHAN,
            *Circuit Judges.*
        GARY R. BROWN,
            District Judge.\*

---

Bernard Ford,

        *Plaintiff-Appellant*,

        v.                                    21-3142

Pension Hospitalization and Benefit Plan of the Electrical Industry Pension Trust Fund Plan and Joint Industry Board of the Electrical Industry,

        *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:        STEWART LEE KARLIN, Stewart Lee Karlin Law Group, PC, New York, NY

FOR DEFENDANTS-APPELLEES:        PETER D. DECHIARA, Cohen, Weiss and Simon LLP, New York, NY

---

\* Judge Gary R. Brown, of the United States District Court for the Eastern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Glasser, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Bernard Ford worked in the electricity industry for 26 years and participated in the Pension Trust Fund of the Pension, Hospitalization and Benefit Plan of the Electrical Industry (the "Plan"). The Plan is administrated by the Joint Industry Board of the Electrical Industry (the "Joint Board"). In September 2002, Ford inquired with the Plan and the Joint Board (collectively, "Defendants") about his eligibility for a disability pension. However, he continued to work intermittently for several employers in the electricity industry from September 2004 through August 2006.

Ford applied for a disability pension in 2009, and the Plan's Pension Committee awarded him benefits as of October 1, 2006. Three days after he was awarded his pension, Ford wrote to the Defendants, asking why it was effective "10/1/2006 and not 12/1/2002 when [he] had first applied?" Joint App'x at 134. After Ford hired an attorney who again inquired about the pension's effective date, the Joint Board informed Ford that "a pension cannot be granted with an effective date of 2002" because he worked through 2006. Ford then appealed to the Plan's Board of Trustees, who affirmed the Joint Board on the ground that Ford was "actively engaged in covered employment and/or was available for employment from 2003 through 2006 and earned pension credits for that time period." Joint App'x at 144.

Ford subsequently filed this action in the U.S. District Court for the Eastern District of New York, and claimed entitlement to relief under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* He alleged that the Joint Board's decision denying

2

him pension benefits back to 2003 was arbitrary and capricious. After a brief period of discovery, the parties cross-moved for summary judgment. In a decision dated December 3, 2021, the district court granted the Defendants' motion and denied Ford's motion. Ford appeals the district court's ruling dismissing his claim.

"In an ERISA action, we review the district court's grant of summary judgment based on the administrative record *de novo* and apply the same legal standard as the district court." *Hobson v. Metropolitan Life Ins. Co.*, 574 F.3d 75, 82 (2d Cir. 2009). Where, as here, the pension plan "grants the administrator discretionary authority to determine eligibility [for] benefits . . . a court may not overturn the administrator's denial of benefits unless its actions are found to be arbitrary and capricious, meaning without reason, unsupported by substantial evidence or erroneous as a matter of law." *McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126, 132 (2d Cir. 2008) (citation and internal quotation marks omitted).

We conclude that the administrator's denial of benefits from December 2002 through October 2006 was not arbitrary or capricious. Section 3.05(a) of the Plan states that a plan participant must be "permanently incapacitated or disabled to such an extent that he *can no longer secure gainful employment* in the electrical industry, or any other line of business" to be eligible for disability benefits. Joint App'x at 54 (emphasis added). Ford argues that he was unable to *secure* gainful employment because his disability prevented him from keeping a job "for any significant period." Appellant's Br. at 16. However, he does not point to any Plan language or past practice that supports this interpretation of Section 3.05(a). Additionally, because the Plan does not define what it means to "secure gainful employment," the Committee had the discretionary authority to interpret this term. *See* Joint App'x at 76 (Plan Section 6.05 stating "[t]he Trustees shall have full discretionary authority . . . to construe the Plan's terms and

provisions"); *accord Hobson*, 574 F.3d at 79, 82–83.

Ford admits he was employed by companies in the electrical industry from September 2004 through April 2005, October 2005 through January 2006, and for a period in July and August 2006. Joint App'x at 31–32, 121–24, 151–52. His application for disability benefits also listed his "last date of employment" as August 18, 2006. *Id.* at 130; *see also id.* at 72 (Plan Section 5.15(a) stating that "a pension shall first be payable on the first of the month following *termination of employment* or receipt of application, *whichever is later*, unless the Committee finds that failure to make timely application was due to extenuating circumstances" (emphasis added)). Based on this record, the Defendants' determination that Ford was engaged in gainful employment until 2006 was neither "without reason" nor "unsupported by substantial evidence." *McCauley*, 551 F.3d at 132 (citation omitted).

Ford also argues that because the "plan administrator both evaluates and pays benefits claims," the administrator has a conflict of interest, and accordingly, "a heightened standard of review should apply." Appellant's Br. at 9–10. We agree that if "a plan administrator both evaluates claims for benefits and pays benefits claims," there is a "conflict of interest[.]" *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) (internal quotation marks omitted). However, this does not "impl[y] a change in the *standard* of review." *Id.* at 115 (emphasis in original). Instead, the presence of a conflict is "weighed as a factor in determining whether there is an abuse of discretion." *Id.* (citation and internal quotation marks omitted); *accord McCauley*, 52 F.3d at 128, 132–33. Additionally, we have not "assign[ed] any weight to a conflict of interest in the absence of any evidence that the conflict actually affected the administrator's decision." *Roganti v. Metro. Life Ins. Co.*, 786 F.3d 201, 218 (2d Cir. 2015) (citation and internal quotation marks omitted). "Evidence that a conflict affected a decision may be categorical (such as a

history of biased claims administration) or case specific (such as an administrator's deceptive or unreasonable conduct) . . . ." *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 140 (2d Cir. 2010) (citation and internal quotation marks omitted).

Ford notes that the Plan administrator failed to take affirmative steps to reduce the risk of bias in its decision-making, but he has not provided any categorical or case-specific evidence that the administrator's conflict of interest *actually affected* its decision with regard to his disability pension. We therefore agree with the district court that the administrator's conflict of interest "need not be weighed as a factor in the analysis of their determinations concerning [Ford]." Joint App'x at 10.

We have considered all of Ford's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court